**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **PEDRO SOLANO-CASTRO,** | |
| **Plaintiff,** | 3:09-cv-71 |
| v. | |
| **DEVCON TCI, LTD.,** | |
| **Defendant.** | |

TO:  Matthew J. Duensing, Esq.,
     James L. Hymes, III, Esq.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court for consideration upon Plaintiff's Motion to Compel Production of June 2, 2008[,] Incident Report (Docket No. 64). Defendant filed an opposition (Docket No. 66), and Plaintiff filed a reply thereto (Docket No. 70).

**History**

Plaintiff, Pedro Solano-Castro ("Plaintiff"), was injured while working on a barge for Defendant, Devcon TCI Ltd. ("Defendant"), on June 2, 2008. After Plaintiff left the barge to seek medical care for his injuries, Lonny Yilk, an employee of Defendant, prepared an incident report ("Report") regarding the incident that day.

On May 20, 2009, Plaintiff filed suit against Defendant regarding the incident that occurred on June 2, 2008. Pursuant to the discovery process, Plaintiff requested a copy of the report created on June 2, 2008, by Lonny Yilk. Defendant objected to providing the report because it claims the report is not discoverable due to the work-product protection under Federal Rule of Civil Procedure 26(b)(3)[1].

**Discussion**

The party asserting the work-product protection bears the burden of proving that the document was prepared in anticipation of litigation. *Haines v. Liggett Group*,

---

[1] Rule 26(b)(3) provides:

**Trial Preparation: Materials.**

(A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and
(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.
(C) *Previous Statement*. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or
(ii) a contemporaneous stenographic, mechanical, electrical, or other recording — or a transcription of it — that recites substantially verbatim the person's oral statement.
[Emphasis in original]

Fed. R. Civ. P. 26(b)(3).

*Inc.*, 975 F.2d 81, 94 (3d. Cir. 1992) (citation omitted). In order to qualify the report as work product, Defendant must satisfy Rule 26(b)(3)(A), which provides that the report is (1) a document, (2) prepared in anticipation of litigation, and (3) prepared by or for the party or by or for that party's representative. Fed. R. Civ. P. 26(b)(3)(A).

"'[L]itigation need not be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d. Cir. 1990) (citation omitted). At the time the document is created there must be an "identifiable specific claim or impending litigation." *Maertin v. Armstrong World Indus., Inc.*, 172 F.R.D. 143, 148 (D.N.J. 1997). The party's purpose of preparing the report is crucial in determining whether the report is protected by the work-product doctrine or is considered a document prepared in the regular course of business. *United States v. Ernstoff*, 183 F.R.D. 148, 156 (D.N.J. 1998). "Even if litigation was reasonably anticipated . . . routine or ordinary investigations or reports are not work product and can be obtained through normal discovery procedures without a special showing of need." *Id*.

If the defendant is able to overcome the work product burden, the report will be protected under the work-product doctrine. Then, Plaintiff must prove that there is a substantial need for the production of the report and without said production the plaintiff will not be able to obtain the equivalent information without suffering undue hardship. Fed. R. Civ. 26(b)(3).

Here, Defendant claims that the report is protected by the work-product doctrine because it was prepared the same day as the plaintiff was injured and for the purposes of possible litigation. Opposition at 3. Defendant admits that possibility of litigation was not the sole purpose of preparing the report. *Id*. Instead, Defendant offers that the report was also prepared "to perform a self critical analysis of its safety procedures in order to prevent future accidents." *Id*.

Plaintiff contends that the report should not be considered work product as it was not created "primarily for the purpose of litigation." Motion to Compel at 4. Plaintiff has failed to provide any showing that there is a substantial need for the report or that Plaintiff would suffer undue hardship without the production of the report. Instead Plaintiff rests his entire argument on the contention that the report is not protected by the work-product doctrine.

**Conclusion**

The Court finds that the report was created in the routine and ordinary course of business; thus, it is not considered work product despite the fact that it was also created for the purpose of any possible future litigation.

Therefore, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel Production of June 2, 2008[,] Incident Report (Docket No. 64) is **GRANTED**.

2. Defendant shall produce a copy of the incident report at issue to counsel for Plaintiff on or before **December 10, 2010**.

                                                        ENTER:

Dated: December 6, 2010                 /s/ George W. Cannon, Jr.
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE